FILED
May 17, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002638244

**3**
Walter R. Dahl, CSB No. 102186 [wdahl@DahlLaw.net]
Candy Dahl Goldman, CSB No. 186031 [cdahl@DahlLaw.net]
Thomas S. Tengan, CSB No. 134052 [ttengan@DahlLaw.net]
**DAHL & DAHL, ATTORNEYS AT LAW**
2304 "N" Street
Sacramento, CA 95816-5716

Telephone: (916) 446-8800
Telecopier: (916) 446-1634

Attorneys for Gary L. Catanzaro & Leilani L. Catanzaro

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>**Gary L. Catanzaro & Leilani L. Catanzaro,**<br><br>513 Cottonwood St., Vacaville, CA 95688<br>xxx-xx-2456/xxx-xx-6042<br><br>Debtor(s). | Case No.: 10-28535-A-7<br>DC No.: DD-01<br><br>Date: June 7, 2010<br>Time: 9:00 AM<br>Judge: Michael S. McManus<br>Courtroom: 28<br>Place: 501 I Street, 7th Fl<br>Sacramento CA 95814 |

**MOTION BY DEBTOR FOR ORDER COMPELLING TRUSTEE TO
ABANDON DEBTOR'S PROPRIETORSHIP BUSINESS**

1. Debtor hereby moves the court pursuant to 11 U.S.C. Section §554(b) for an order compelling the Trustee to abandon Debtor's sole proprietor business on the basis that the business is of inconsequential value or benefit to the estate and is otherwise burdensome to the administration of this case.

**I. Factual Background.**

2. Gary L. Catanzaro and Leilani L. Datanzaro ("Debtor") filed a voluntary petition for relief under the United States Bankruptcy Code [11 U.S.C. §101 et seq.] ("Bankruptcy Code") on or about April 2, 2010.

3. Hank Spacone was appointed to serve as Chapter 7 Trustee in Debtor's case.

4. Debtor owns a sole proprietor business known as Catanzaro Construction located at 513 Cottonwood Street, Vacaville, CA 95688 ("Subject Business").

5. The assets of the Subject Business consist of the following, as noted on Schedule B filed with this Court [See, Docket Item No. 1]:

    a. Accounts Receivable/Work in Progress/Inventory:     $ 0.00

    b. Furniture, fixtures and equipment     $ 2,500.00

    c. Power Tools     $ 7,175.00

    d. Bank accounts (checking, savings)     $ 305.00

    e. General intangibles (website, phone number, etc.)     $ 0.00

    Total:     $ 9,980.00

6. Debtor has exempted up to $9,980.00 of equity in the Subject Business pursuant to Schedule C filed with this Court [*See*, Docket Item No. 1].

7. Except for the specific amounts noted above, the value of the Subject Business is essentially attributable to Debtors on-going post-petition construction services devoted to operating the Subject Business. Such post-petition construction services are not property of Debtors' bankruptcy estate.

8. The debts of the Subject Business coupled with the exempt equity equal or exceed the fair market value of the Subject Business, therefore, there is no non-exempt equity in the Subject Business.

## II. The Sole Proprietor Business Is Burdensome or of Inconsequential Value and Benefit to the Estate.

9. 11 U.S.C. Section 554(b) provides as follows:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

10. As set forth above, there is minimal equity in the Subject Business and it is, therefore, of inconsequential value and benefit to the estate.

11. The Subject Business may also be burdensome to the estate due to on-going insurance, maintenance and license costs and other potential risks faced by the estate through continued ownership of the Subject Business.

12. As such, the court should order the Trustee to abandon the Subject Business.

WHEREFORE, Debtor prays:

    1.    For an order compelling the Trustee to abandon the Subject Business; and,

    2.    For such other and further relief as the court deems proper.

Dated: __May 14, 2010__                                DAHL & DAHL
ATTORNEYS AT LAW

By: __/s/Thomas S. Tengan__
Thomas S. Tengan
Attorneys for Gary L. Catanzaro &
Leilani L. Catanzaro